No. 26-5260

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 28, 2026
KELLY L. STEPHENS, Clerk

ISIDRO CALLEJA SEBASTIAN,                    )
                                             )
    Petitioner-Appellant,                    )
                                             )
v.                                           )          O R D E R
                                             )
CHARLES WALL, Deputy Director, Chicago Field )
Office, Immigration and Customs Enforcement, et )
al.,                                         )
                                             )
    Respondents-Appellees.                   )

Before:  BUSH, LARSEN, and RITZ, Circuit Judges.

Isidro Calleja Sebastian, a native and citizen of Mexico charged with removability and in detention, appeals the denial of his habeas petition.  Sebastian moves to remand, and respondents support his request.

Sebastian entered the United States more than 20 years ago without authorization or inspection.  In 2025, the Department of Homeland Security charged him with removability as an alien present in the United States without being admitted or paroled.  The Board of Immigration Appeals vacated an immigration judge's decision granting Sebastian bond and ordered him detained after concluding that he was not entitled to a bond hearing under 8 U.S.C. § 1225(b)(2).  Sebastian petitioned for a writ of habeas corpus, asserting that his detention without a bond hearing violated his right to due process and that his detention was governed by 8 U.S.C. § 1226(a) instead of § 1225(b)(2).  The district court denied his petition, concluding that he was not entitled to a bond hearing under § 1225(b)(2).

No. 26-5260
-2-

After Sebastian filed his appeal, we decided *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), *petition for cert. filed* (U.S. June 24, 2026) (No. 25-1415).    There, we held that noncitizens who have spent "significant time . . . within the interior of the United States" and who have never affirmatively applied for admission are eligible for bond hearings under § 1226(a), provided that they do not fall within certain outlined exceptions.    *Id.* at 734; *see id.* at 720–32. Thus, based on the record before this court, the parties rightly concur that remand for further proceedings is appropriate.

Therefore, the motion to remand is **GRANTED**, and this matter is **REMANDED** to the district court for further proceedings.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk